UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO._____

PAULENE BARTLEY,

      Plaintiff,

vs.

CAREASSIST HOME CARE, INC.
d/b/a CARE ASSIST HOME HEALTH
& NURSING REGISTRY, INC.,
a Florida corporation,

      Defendant.
_____/

# **COMPLAINT**

Plaintiff, PAULENE BARTLEY, by and through undersigned counsel, sues the Defendant, CAREASSIST HOME CARE, INC. d/b/a CARE ASSIST HOME HEALTH & NURSING REGISTRY, INC., (hereinafter "Defendant") and alleges as follows:

1. Plaintiff, a former employee of the Defendant, brings this action to recover compensation and other relief under the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et seq.

2. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b).

3. The unlawful employment practices alleged herein occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff is/was a resident of this judicial district, an employee of the Defendant, sui juris and otherwise within the jurisdiction of this Court.

5. At all times material hereto, Defendant was the employer or former employer of the Plaintiff and is conducting business in this judicial district and is otherwise an 'employer' under the FLSA.

6. At all times material hereto, Defendant was and continue to be an 'enterprise engaged in commerce' within the meaning of the FLSA.

7. That at all times material hereto, Plaintiff was 'engaged in commerce' within the meaning of the FLSA.

8. Defendant has been at all times material engaged in interstate commerce, and Defendant's annual gross revenues derived from this interstate commerce, upon information and belief, are in excess of $500,000.00 for the relevant time period.

9. The Plaintiff was hired as a non-exempt employee by the Defendant as a home health aide in May of 2014.

10. During her employment, the Defendant however had Plaintiff, a non-exempt employee under the FLSA, work in excess of forty (40) hours per work week, but willfully refused to properly compensate Plaintiff for such work in violation of the FLSA.

11. Specifically, Plaintiff was working approximately 44 hours per week without overtime pay.

12. Given her position was a non-live in, the FLSA requires home health companies to pay qualifying healthcare employees overtime wages.

13. All records concerning the number of hours actually worked by Plaintiff are presumably in the exclusive possession and sole custody and control of the Defendants, and therefore, Plaintiff is unable to state at this time the exact amount due.

14. Plaintiff, however, can estimate this overtime to be $105.00 *per week*.

## COUNT I
## FLSA

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 above.

15. Plaintiff is entitled to time and one half for each hour worked in excess of forty (40) hours per work week pursuant to the FLSA.

16. By reason of the intentional, willful and unlawful acts of the Defendant, Company in violation of the FLSA, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for all damages and relief under the FLSA, including liquidated damages (and/or pre-judgment interest), attorneys' fees, costs and expenses, in addition to all other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Dated: February 22, 2022.            Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920